UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER BRUCE MOOREHART #92637** | **CASE NO. 6:23-CV-01735 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WARDEN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 6) filed by pro se Petitioner Christopher Bruce Moorehart ("Moorehart"). Moorehart is being detained at the Vermilion Parish Jail in Abbeville, Louisiana. He seeks release from custody due to his allegedly unconstitutional detention.

Because Moorehart has not satisfied the exhaustion requirement, the Petition should be DISMISSED WITHOUT PREJUDICE.

### I. Background

Moorehart states that he was arrested on August 12, 2022, for intimidating a witness, and was later indicted on several other charges. ECF No. 4 at 13. He asserts that the charges should be dismissed due to lack of evidence and due process denials. ECF No. 6.

Moorehart requested habeas relief, which was denied by the trial court. ECF No. 4 at 1-3. He sought no further review in the state courts because "the 15th Judicial [District Court] has no direct appeal process." ECF No. 6 at 3.

## II. Law and Analysis

A state pre-trial detainee may seek habeas relief under § 2241 for pre-trial issues such as violations of a state speedy trial act, double jeopardy, or bond conditions. *See Stringer v. Williams*, 161 F.3d 259 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 223-24 (5th Cir. 2009). However, a fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court. *See Picard v. Conner*, 404 U.S. 270, 275 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Dickerson*, 816 F.2d 220, 225 (5th Cir. 1987) (although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). The exhaustion requirement provides the state an opportunity to confront and resolve any constitutional issues arising within its jurisdiction and limits federal interference in the state adjudicatory process. *Id.*

A petitioner must "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). The highest state court in Louisiana is the Louisiana Supreme Court. *See* La. Const. art. V, § 5(A). Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court.

2

Moorehart did not seek review of the trial court's denial of his habeas petition. ECF No. 6 at 3. Although the denial of a habeas petition is not appealable, La. C.Cr. P. art. 369, it is reviewable by the appropriate court of appeal and the Louisiana Supreme Court through each court's supervisory jurisdiction. *See Wilson v. Foti*, 832 F.2d 891, 893 (5th Cir.1987); *Prudhomme v. Iowa Police Dep't*, 07-CV-0745, 2007 WL 2702183, at *3 (W.D. La. Aug. 22, 2007). Moorehart must pursue those avenues of relief prior to presenting his claim under § 2241 in this Court.

### III. Conclusion

Because Moorehart has not satisfied the exhaustion requirement, IT IS RECOMMENDED that the Petition (ECF No. 6) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, January 12, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

4